IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
**Louisville Division**

| | |
|---|---|
| JOE BOOTH | ) Civil Action No. 1:22-cv-100-GNS |
| | ) |
| Plaintiff, | ) **Removed from the Commonwealth of** |
| | ) **Kentucky, 43rd Judicial Circuit, Barren** |
| v. | ) **Circuit Court** |
| | ) **Civil Action No.: 21-CI-00480** |
| KEVAUN WILLIAMS, MIDWEST | ) |
| TRANSFER IOWA, LLC AND LAKECORP | ) |
| TRANSIT, LLC | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

## NOTICE OF REMOVAL

**TO:** The Honorable Judges of the United States District Court for the Western District of Kentucky:

1. The Petitioners, LakeCorp Transit, LCC and Kevaun Williams, ("Petitioners"), respectfully state that they are named defendants in the above-entitled civil action brought by the Plaintiff, Joe Booth ("Plaintiff"), which is now pending in the Barren Circuit Court, Kentucky, Civil Action No. 21-CI-00480 ("Civil Action").

2. On or about August 30, 2021, Plaintiff commenced the Civil Action in Barren Circuit Court. Defendants LakeCorp Transit, LLC and Kevaun Williams were served by Warning Order Attorney on or about July 19, 2022. Upon information and belief, Midwest Transfer of Iowa, LLC has not been served at the time of this filing. (A copy of the Complaint is attached hereto as **Exhibit A.**)

3. Less than thirty (30) days has elapsed since defendants have been served.

4. The time within which Petitioner has to file a Notice of Removal has not yet expired.

5. **Jurisdiction**.

A. **Federal Question Jurisdiction – 28 U.S.C. § 1337(a)**

Based on the allegations in the Complaint, the Civil Action may be removed to this Court by Petitioner pursuant to 28 U.S.C. §§1331, 1337(a), 1445 and 1446(b). The above-entitled action is a civil suit which may be removed to this Court by the Petitioners pursuant to 28 U.S.C. §1337(a) in that the Plaintiff alleges a claim involving an Act of Congress regulating commerce, to wit: a claim in excess of $10,000 arising under the Interstate Commerce Commission Termination Act of 1995 ("ICCTA"), 49 U.S.C. §14706 (the "Carmack Amendment"). While Plaintiff has alleged claims of negligence and negligent entrustment, Plaintiff's sole cause of action for its claims of loss, damage or delay related to the interstate shipment of goods arises under the Carmack Amendment. *See Jackson v. Brook Ledge, Inc.*, 991 F.Supp. 640, 644 (E.D. Kentucky 1997), citing *W.D. Lawson & Co. v. Penn Cent. Co.*, 456 F.2d 419, 421 (6th Cir. 1972) (other internal citations omitted) ("The Sixth Circuit, along with seven other circuits, have held that the Carmack Amendment preempts state and common law claims and remedies for cargo damaged in interstate transport.").

As is evident on the face of the Complaint, LakeCorp Transit, LLC transported Plaintiff's shipment from North Dakota to Kentucky. Plaintiff is claiming damages arising from said shipment. *See* Complaint.

B. **Diversity of Citizenship**

This is a civil action in alleging claims by Plaintiff for negligence and negligent entrustment for damages it claims to have suffered on or about February 3, 2021 in the course of delivery of a 1970 International Tractor, allegedly by LakeCorp Transit, LLC, Midwest Transfer of Iowa, LLC, and Kevaun Williams, from Swenson & Sons in North Dakota to Plaintiff in Barren County, Kentucky. *See* Complaint ¶1. Plaintiff states he is a Kentucky resident. *See* Complaint ¶1. Plaintiff alleges LakeCorp Transit, LLC is a Limited Liability Company out of Wyoming, Kevaun Williams is a resident of Louisiana, and Midwest Transfer of Iowa, LLC is an Iowa Limited Liability Company. *Id.* at ¶¶ 1-3. Upon information and belief, neither LakeCorp Transit, LLC or Midwest Transfcr of Iowa, LLC are incorporated or maintain a principal place of business in Kentucky, and Williams is not a resident of Kentucky. Therefore, the Civil Action meets the requirement of demonstrating that the parties herein are citizens of different states for purposes of diversity of citizenship jurisdiction under 28 U.S.C. § 1332(a).

C. **Amount in Controversy**

Petitioners understand Plaintiff to claim that the value of the tractor, for which he paid $16,300.00 (*see* Buyer Receipt attached hereto as **Exhibit B**) is now worth approximately $0 due to the nature of the tractor and alleged damage. Thus, the amount in controversy exceeds $10,000.00.

The Civil Action therefore is removable to this Court pursuant to 28 U.S.C. §§ 1331, 1337(a) and 1441.

6.      **Defendants consent to the Removal.** LakeCorp Transit, LLC and Kevaun Williams consent to the removal of this matter to this Court, as required by 28 U.S.C.

§1446(b)(2)(A). The Petitioner has a statutory right to remove under 28 U.S.C. §§ 1332(a) and 1337(a). As stated above, upon information and belief, Midwest Transfer of Iowa, LLC has not been served, and thus their consent is not required to remove this action pursuant to 28 U.S.C. §1446(b)(2)(A).

7.  **Venue.**  Petitioner desires to remove this action to the District Court of the United States for the district in which it is now pending, the Western District of Kentucky.  28 U.S.C. §1441(a).

8.  After the filing of this Notice of Removal with this Court, (a) written notice of the filing of this Notice will be given by the attorneys for Petitioners to Plaintiff and all other parties as provided by law, (b) a certified copy of this Notice will be filed with the Clerk of the State Court for Barren County, Kentucky, and (c) certified copies of all pleadings on file in said State Court for Barren County, Kentucky, will be filed with this Court.

9.  Petitioners have good and sufficient defenses to Plaintiff's claims in this action.

10. No previous application for the relief sought herein has been made to this or any other court.

**WHEREFORE**, Petitioners, LakeCorp Transit, LLC and Kevaun Williams, pray that this action be removed from the Barren Circuit Court, Barren County, Kentucky to the United States District Court for the Western District of Kentucky at Louisville.

Dated: August 17, 2022

Respectfully submitted,

**WARD, HOCKER & THORNTON, PLLC**

333 W. Vine Street, Ste. 1100
Lexington, KY 40507
Telephone: (859) 422-6000
Fax: (859) 422-6001
Emails: jillian.house@whtlaw.com
ryan.mcelroy@whtlaw.com

By: */s/ Jillian D. House*
JILLIAN D. HOUSE
RYAN J. MCELROY
*Counsel for Defendants Kevaun Williams and Lakecorp Transit, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 17, 2022, a true and correct copy of the foregoing was filed electronically, using the ECF system, and served via first class U.S. mail to:

Scott Basil
Basil Law Firm
231 W. Main Street
Glasgow, KY 42141
*Counsel for Plaintiff*

*/s/ Jillian D. House*
JILLIAN D. HOUSE
RYAN J. MCELROY
*Counsel for Defendants Kevaun Williams and Lakecorp Transit, LLC*

4862-7714-4366, v. 2